IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONTINENTAL GENERAL INSURANCE COMPANY,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>MUHAMMAD REHMAN, Individually and as Parent and Natural Guardian of UMAR MUHAMMAD, ALI MUHAMMAD, AMAL HABIB, USMAN MUHAMMAD and IQRA HABIB, and SEMINA HABIB,<br>　　　　　Defendants. | Civil Action No.<br><br>The Hon. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201, *et seq.* and 42 Pa.C.S. § 7531, *et seq.*, Continental General Insurance Company ("CGI"), through its attorneys, Barley Snyder, brings this action for a declaratory judgment against the Defendants, seeking rescission of health insurance coverage provided by CGI to Muhammad Rehman and his Dependents, for the reasons set forth in this Complaint.

## PARTIES

1. CGI is a corporation organized under the laws of Nebraska, having its principal place of business in Omaha, Nebraska. CGI is licensed to do business in the Commonwealth of Pennsylvania as an insurance company.

2. Muhammad Rehman is an adult individual residing at 1501 Red Maple Lane, Allentown, Lehigh County, Pennsylvania.

3. Umar Muhammad is a minor residing at 1501 Red Maple Lane, Allentown, Lehigh County, Pennsylvania. Muhammad Rehman is the parent and natural guardian of Umar Muhammad.

4. Ali Muhammad is a minor residing at 1501 Red Maple Lane, Allentown, Lehigh County, Pennsylvania. Muhammad Rehman is the parent and natural guardian of Ali Muhammad.

5. Amal Habib is a minor residing at 1501 Red Maple Lane, Allentown, Lehigh County, Pennsylvania. Muhammad Rehman is the parent and natural guardian of Amal Habib.

6. Usman Muhammad is a minor residing at 1501 Red Maple Lane, Allentown, Lehigh County, Pennsylvania. Muhammad Rehman is the parent and natural guardian of Usman Muhammad.

7. Iqra Habib is a minor residing at 1501 Red Maple Lane, Allentown, Lehigh County, Pennsylvania. Muhammad Rehman is the parent and natural guardian of Iqra Habib.

8. Semina Habib is an adult individual residing at 1501 Red Maple Lane, Allentown, Lehigh County, Pennsylvania. Semina Habib is the spouse of Muhammad Rehman.

## JURISDICTION

9. CGI brings this action pursuant to 28 U.S.C. § 2201 *et seq.* and 42 Pa.C.S. § 7531 *et seq.*

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

11. This Court has personal jurisdiction over the Defendants, as the Defendants are all residents of the Commonwealth of Pennsylvania.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as all of the Defendants reside within this district.

## STATEMENT OF CLAIM

13. On or about January 28, 2004, Muhammad Rehman applied for health insurance coverage from CGI by making an application through an agent of CGI by telephone. Muhammad Rehman was seeking coverage for himself and his family, including his son, Umar Muhammad.

14. As part of the application process, Muhammad Rehman was asked preliminary health questions about each of the members of his family to be insured by CGI, including Umar Muhammad.

15. In responding to the preliminary health questions proposed to him during the application process, and unknown to CGI, Muhammad Rehman misstated, omitted and/or concealed relevant and material information regarding Umar Muhammad, specifically the diagnosis of and treatment for the condition of aortic stenosis in Umar Muhammad.

16. On January 28, 2004, Muhammad Rehman submitted the application to CGI with misleading and/or omitted information, for purposes of obtaining the insurance coverage from CGI.

17. As part of the application process, on or about January 30, 2004, CGI phoned Defendant Muhammad Rehman to verify the information set forth in the application for insurance.

18. On or about January 30, 2004, Muhammad Rehman verified his previous answers to the preliminary health information questions posed by CGI's agent on January 28, 2004. In

particular, Muhammad Rehman omitted and/or concealed Umar Muhammad's previous diagnosis of and treatment for aortic stenosis.

19. In failing to reveal Umar Muhammad's previous diagnosis of and treatment for aortic stenosis, Muhammad Rehman's statement was materially false.

20. Based on the material information Muhammad Rehman submitted to CGI in support of the application for health insurance for himself and his family, CGI issued a Certificate of Coverage to Muhammad Rehman, including coverage for Muhammad Rehman's spouse and his children, under Certificate No. K0Q-5034935, with an effective date of February 1, 2004 ("Insurance Coverage").

21. Approximately 17 days after obtaining Insurance Coverage from CGI, Umar Muhammad resumed treatment for an aortic valve disorder. Treatment included admission to and surgery at Abington Memorial Hospital, with an in-patient stay of ten days. Medical expenses for the hospitalization alone exceeded $500,000.

22. Thereafter, CGI received various claims for health insurance benefits for expenses related to Umar Muhammad's treatment for the aortic valve disorder.

23. In the several months and/or years prior to Muhammad Rehman's application for health insurance from CGI, Umar Muhammad was diagnosed with and treated for aortic stenosis, events and information known to Muhammad Rehman.

24. Had CGI been made aware of Umar Muhammad's pre-application diagnosis of and treatment for aortic stenosis at the time of the application for health insurance, CGI would not have issued the Insurance Coverage to Muhammad Rehman.

25. The Insurance Coverage provided by CGI has since expired. The total premiums paid by Rehman Muhammad for the Insurance Coverage was $2,195.56 plus an initial

application fee of $30.00. Total benefits paid by CGI under the Insurance Coverage was $115.34.

26. Concurrent with the filing of this declaratory judgment action, CGI had issued a check to Muhammad Rehman in the amount of $2,110.22, representing the difference between total premiums and fees paid by Muhammad Rehman and total claims paid by CGI.

## CONTROVERSY AND RIPENESS

27. The various health care providers who have treated Umar Muhammad for his aortic valve disorder since February 1, 2004, have or will be seeking payment from CGI under the Insurance Coverage identified herein.

28. Based on the foregoing, an actual controversy exists between CGI and Muhammad Rehman and his Dependents, concerning the rights and obligations of the parties under the Insurance Coverage.

## COUNT I – DECLARATORY JUDGMENT

29. Paragraphs 1 through 28 of this Complaint for Declaratory Judgment are incorporated herein by reference.

30. As the parent and natural guardian of his children, Muhammad Rehman is responsible for medical expenses incurred by Umar Muhammad, Ali Muhammad, Amal Habib, Usman Muhammad and Iqra Habib, his children, and as such, Muhammad Rehman is the true beneficiary of the Insurance Coverage which would have been available to his minor children.

31. The misrepresentations, omissions and concealments made by Muhammad Rehman on the health insurance application were willfully false and fraudulently made.

32. The misrepresentations, omissions and concealments made by Muhammad Rehman on the health insurance application materially affected the acceptance of the risk

assumed by CGI, induced CGI to issue the Insurance Coverage, and, but for such misrepresentations, omissions and concealments, the Insurance Coverage would never have been issued for Muhammad Rehman and his Dependents.

33. As a direct and proximate result of Muhammad Rehman's fraudulent misrepresentations, omissions and concealments, CGI is entitled to a declaration that the Insurance Coverage issued to Muhammad Rehman and his Dependents is void *ab initio*.

**WHEREFORE,** Continental General Insurance Company respectfully requests that this Court enter a declaratory judgment in its favor, specifically declaring that CGI's Certificate of Coverage K0Q-5034935 is void *ab initio*.

Dated: 9-8-04

BARLEY SNYDER

By: *George C. Werner*
George C. Werner, Esquire
Court ID No. 28757
Attorneys for Plaintiff
Continental General Insurance Company
126 East King Street
Lancaster, PA 17602-2893
717-299-5201